# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MONIQUE ALMEIDA,<br>    Plaintiff, | :<br>:<br>: |
| v. | : Case No: 3:07cv517 (PCD) |
| ATHENA HEALTH CARE<br>ASSOCIATES, INC. and BAYVIEW<br>HEALTH CARE CENTER, INC.,<br>    Defendants. | :<br>:<br>:<br>:<br>: |

## RULING ON MOTION TO DISMISS

Plaintiff Monique Almeida brings this action alleging that her former employer, Defendant Bayview Health Care Center, Inc., which is owned and operated by Defendant Athena Health Care Associates, Inc., violated Title VII of the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. § 2000(e) *et seq.*, the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 *et seq.*, and state tort law. In her seven-count Complaint [Doc. No. 1], Plaintiff alleges discrimination and sexual harassment in violation of Title VII and CFEPA (Counts One and Three); retaliatory discharge in violation of Title VII, CFEPA, and the FMLA (Counts Two, Four, and Six); interference with FMLA rights (Count Five); and negligent infliction of emotional distress (Count Seven). Defendants have filed, pursuant to Federal Rule of Civil Procedure 12(b)(6), a Motion to Dismiss Count Seven, alleging negligent infliction of emotional distress, on the ground that Plaintiff fails to allege any unreasonable conduct in the termination process. For the reasons stated herein, Defendants' Motion to Dismiss [Doc. No. 8] is **granted**.

## I. BACKGROUND[1]

In 1995, Plaintiff Monique Almeida began her employment as a Certified Nurse's Assistant with Defendant Bayview Health Care Center, Inc. ("Bayview"). (Compl. ¶ 7.) Shortly after Darrell LaCours arrived at Bayview to work as an administrator, he began making various sexually inappropriate comments to Plaintiff. (Compl. ¶ 13-20.) On numerous occasions, Plaintiff complained to Susan Barnard, Director of Nursing. (Compl. ¶ 21.) Barnard, who took no investigative action, also made sexually inappropriate remarks to Plaintiff. (Compl. ¶ 21-22.) This work environment, "full of sexually inappropriate behavior," continued. (Compl. ¶ 22.) Plaintiff complained again in December 2005 when two Directors of Athena Health Care Associates, Inc. ("Athena"), visited Bayview. (Compl. ¶ 23.) The Athena Directors failed to investigate Plaintiff's complaints. (Compl. ¶ 24.) On March 15, 2006, Plaintiff informed Barnard that she would be having foot surgery in April, and would need to take a medical leave of absence. (Compl. ¶ 25.) Barnard asked Plaintiff if she would need "another three months off," referring to the medical leave of absence Plaintiff had taken the year before. (Compl. ¶ 26.) The next day, Barnard wrote a letter to Plaintiff explaining that she had five weeks of FMLA time remaining, and threatened to terminate Plaintiff if she did not return to work after those five weeks. (Compl. ¶ 27.) During a meeting on March 20, 2006, LaCours and Barnard terminated Plaintiff's employment and told Plaintiff to leave Bayview the same day. (Compl. ¶ 28.) Plaintiff asked if the reason for her termination was performance-related, and LaCours and Barnard responded that it was not. (Compl. ¶ 28.) Instead, they told Plaintiff that they were

---

[1] The statement of facts that follows is derived solely from the allegations in Plaintiff's Complaint, which are taken as true for purposes of this motion. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 9090 (1974).

terminating her because she "was not happy" with her job. (Compl. ¶ 28.)

## II. STANDARD OF REVIEW

The function of a motion to dismiss pursuant to Rule 12(b)(6) is "merely to assess the legal feasibility of the complaint, not to assay the weight of evidence that might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 744, 779 (2d Cir. 1984) (citation omitted). Therefore, when considering such a motion, the court must accept the facts alleged in the complaint as true, draw inferences therefrom in the light most favorable to the plaintiff, and construe the complaint liberally. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007). Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief are beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.

## III. DISCUSSION

In Count Seven, Plaintiff alleges that Defendants' conduct in terminating Plaintiff after complaining to Bayview about the hostile work environment to which she was subjected, "and, along with her termination of employment, terminating her health insurance benefits after her request . . . for a medical leave," amounts to unreasonable conduct. (Compl. ¶ 58.) Plaintiff further alleges that Defendants knew or should have known that this conduct created an unreasonable risk of emotional distress to Plaintiff, and that their actions have caused her extreme anxiety, sleeplessness, and other ill effects. (Compl. ¶ 59, 60.)

3

Defendants move to dismiss Count Seven, which alleges negligent infliction of emotional distress under Connecticut law, on the ground that Plaintiff has failed to allege that any unreasonable conduct took place during the termination process. (Defs.' Mem. Supp. Mot. to Dismiss 1.) They argue that Plaintiff merely challenges the reason for her termination, rather than the manner in which Defendants conducted the termination itself. (Defs.' Mem. Supp. Mot. to Dismiss 5.) The Court agrees with Defendants.

The Connecticut Supreme Court has held that to prevail on a claim of negligent infliction of emotional distress, a plaintiff must prove that: "(1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress." Carrol v. Allstate Ins. Co., 262 Conn. 433, 444, 815 A.2d 119 (2003). Moreover, in the employment context, a claim for negligent infliction of emotional distress arises only when it is based on a defendant's unreasonable conduct during the termination process itself. Parsons v. United Technologies Corp., 243 Conn. 66, 88, 700 A.2d 655 (1997) (citation omitted). "The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress." Id. at 88-89. Instead, "[t]he dispositive issue . . . [is] whether the defendant's conduct during the termination process was *sufficiently wrongful* such that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that [that] distress, if it were caused, might result in illness or bodily harm." Perodeau v. City of Hartford, 259 Conn. 729, 751, 792 A.2d 752 (2002) (internal quotation marks omitted).

Plaintiff's claim for negligent infliction of emotional distress fails for two reasons. First, Plaintiff has not alleged facts sufficient to support the first element of the negligent infliction claim, i.e., that Defendants' conduct created an unreasonable risk of causing Plaintiff's emotional distress. Plaintiff cites Copeland v. Home and Community Health Services, Inc., 285 F. Supp. 2d 144 (D. Conn. 2003), Storm v. ITW Insert Molded Products, 470 F. Supp. 2d 117 (D. Conn. 2007), and Dichello v. Marlin Firearms Co., No. CV065002796S, 2007 WL 429474 (Conn. Super. Ct. Jan. 22, 2007), to argue otherwise. (Pl.'s Mem. 5, 6.) Those cases, however, each involved claims that an employer had terminated an employee who was out on medical leave, even though the employer knew or should have known its conduct would aggravate the very medical condition which prompted the leave of absence in the first place. See Copeland, 285 F. Supp. 2d at 153 (denying motion to dismiss negligent infliction claim where plaintiff repeatedly advised her supervisor about her health problems but despite awareness, her supervisor pressured plaintiff over a period of a month to return to work "by being inflexible about the date on which she was required to return to work and by threatening to hire, and ultimately hiring, a replacement when the plaintiff did not return on this date"); Storm, 470 F. Supp. 2d at 126 (employer knew employee suffered from anxiety attacks, yet fired employee while out on medical leave after recently being hospitalized); Dichello, 2007 WL 429474 at *1 (employer fired employee who was out on medical leave for anxiety disorder and depression). Plaintiff was not terminated while out on medical leave for a condition which might be aggravated by termination. Therefore, the Court finds that Plaintiff's allegation that Defendants created an unreasonable risk of emotional distress by "abruptly terminat[ing] [Plaintiff's employment] and t[elling] her to leave the facility that day," (Complaint ¶ 28), does not sufficiently allege that

5

Defendants' conduct created an unreasonable risk of causing Plaintiff emotional distress.

Second, Plaintiff's claim fails because she has not alleged that Defendants' conduct in the actual termination of her employment was unreasonable, humiliating, or embarrassing. Plaintiff maintains that "[i]t was not 'reasonable,' in any definition of the word, that the defendants terminated [Plaintiff] and told her the reason was that 'she was not happy,'" and that it was unreasonable "to tell [Plaintiff] suddenly . . . that her . . . employment [was] terminated because of a senseless reason and not because of deficiencies in her performance . . . ." (Pl.'s Mem. 5.) These allegations do not challenge the manner in which Defendants terminated Plaintiff's employment, or alternatively do not allege what is considered "unreasonable conduct" under the relevant case law. See, e.g., Parsons, 243 Conn. at 89 (no negligent infliction of emotional distress claim where terminated employee was escorted off premises by security); Dubowsky v. New Britain General Hosp., No. CV030522892S, 2006 WL 1230006, at *6 (Conn. Super. Ct. Apr. 13, 2006) (no negligent infliction of emotional distress claim where employee was terminated without forewarning or investigation of charge of criminal conduct against her). Plaintiff's allegations do not state a claim for negligent infliction of emotional distress. The wrongful conduct alleged in Counts One through Six stands, but Count Seven is dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. No. 8] is **granted** and Count Seven is **dismissed** against all Defendants.

SO ORDERED.

Dated at New Haven, Connecticut, July  29 , 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court